IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

    v.

No. 3:07-cr-00116-MO-1

**NICOLE AUTUMN RAIN,**
*aka* Christopher Todd Dudley,

OPINION AND ORDER

    Defendant.

**MOSMAN, J.,**

This case comes before me on Defendant Nicole Autumn Rain's Motion to Vacate or

Correct Sentence under 28 U.S.C. § 2255 [ECF 104]. For the reasons stated below, Defendant's

motion is DENIED.[1]

## BACKGROUND

On July 30, 2008, this court sentenced Defendant to a 300-month term of imprisonment

after Defendant plead guilty to Interstate Travel with Intent to Engage in Illicit Sex with a Minor

in violation of 18 U.S.C. § 2423(b). J. & Commitment [ECF 73] at 1-2. The judgment was

amended on July 30, 2008, [ECF 76], and again on July 24, 2017, [ECF 103], to reflect

Defendant's name change. Defendant never filed a direct appeal and, until now, has never

collaterally attacked his sentence. As part of his plea agreement, he waived his right to appeal or

collaterally attack his conviction and sentence, except on the grounds of ineffective assistance of

counsel or a retroactive guideline amendment. *See* Plea Agreement [ECF 64] at 3.

---

[1]    For the purposes of his motion, Defendant refers to himself with the pronoun "he/him."
Therefore, this court will follow suit.

## DISCUSSION

Subject to limited exceptions, a motion made pursuant to 28 U.S.C. § 2255 must be filed within one year from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). One such exception permits a § 2255 motion to be filed up to one year after "the date on which the right asserted [in the motion] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

This is the exception upon which Defendant appears to rely after filing his § 2255 motion nearly twelve years after his judgment of conviction became final. Mot. [104] at 11.[2] He argues that a recent Supreme Court case, *United States v. Davis*, 139 S. Ct. 2319 (2019), created a retroactive rule that applies to undo his conviction. Mot. [ECF 104-1] at 1. Defendant's theory appears to be that an unconstitutionally vague "force clause" was applied in convicting and/or sentencing him. *See id.* at 3, 7.

In *Davis*, the Court struck down the residual clause of 18 U.S.C. § 924(c)—which provided enhanced penalties for using a firearm during a "crime of violence"—as unconstitutionally vague. 139 S. Ct. at 2323-24. Here, Defendant was not convicted of violating 18 U.S.C. § 924(c) or any other statute with a similarly vague residual clause. *See, e.g., Sessions v. Dimaya*, 138 S. Ct. 1204, 1215 (2018) (striking down 18 U.S.C. § 16(b) as unconstitutionally vague).[3] Thus, *Davis* and related cases are inapposite and Defendant's § 2255 motion is time-barred.

---

[2]    I cite to the ECF page numbers for this source and for [ECF 104-1].

[3]    Nor does his crime of conviction, 18 U.S.C. 2423(b), contain a "force clause." And no court of appeals, let along the Supreme Court, has held that the statute is unconstitutionally

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate or Correct Sentence under 28

U.S.C. § 2255 [104] is DENIED.

IT IS SO ORDERED.

DATED this ___6___ day of June, 2020.


_____
MICHAEL W. MOSMAN
United States District Judge

---

vague. *See United States v. Stokes*, 726 F.3d 880, 895-96 (7th Cir. 2013) (holding that § 2423(b)
is not unconstitutionally vague).

3 – OPINION AND ORDER